UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>MONACO LANDSCAPE MAINTENANCE ASSOCIATION, INC.,<br><br>Defendant(s). | Case No. 2:16-CV-2980 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Monaco Landscape Maintenance Association, Inc.'s (the "HOA") motion to dismiss. (ECF No. 13). Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a response (ECF No. 15), to which the HOA replied (ECF No. 17).

**I.    Facts**

This case involves a dispute over real property located at 3296 Lapis Beach Drive, Las Vegas NV 89117 (the "property"). On May 17, 2006, Lang Tsoi and Souriya Tsoi obtained a loan from Countrywide Home Loans, Inc. in the amount of $324,000.00 to purchase the property, which was secured by a deed of trust recorded on May 30, 2006. (ECF No. 1).

In June 2006, Fannie Mae acquired ownership of the loan. (ECF No. 1 at 5). Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BAC") via assignment of deed of trust recorded September 3, 2009. (ECF No. 1 at 6). Plaintiff Bank of America, N.A. ("BANA") is successor by merger to BAC as of July 1, 2011. (ECF No. 1 at 6).

On November 6, 2012, defendant ATC Assessment Collection Group, LLC ("ATC"), acting on behalf of Monaco Landscape Maintenance Association, Inc. (the "HOA"), recorded a

**James C. Mahan**
**U.S. District Judge**

notice of delinquent assessment lien, stating an amount due of $855.97. (ECF No. 1 at 8). On December 7, 2012, ATC recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,701.51. (ECF No. 1 at 8).

On December 27, 2012, BANA requested a ledger from the HOA/ATC identifying the superpriority amount allegedly owed to the HOA. (ECF No. 1). The HOA/ATC provided a ledger dated January 8, 2013, which set forth the total amount due, but not the superpriority amount due. (ECF No. 1 at 9). BANA calculated the superpriority amount to be $989.96 and tendered that amount to ATC on January 31, 2013, which the HOA/ATC allegedly refused. (ECF No. 1 at 9).

On February 24, 2014, ATC recorded a notice of trustee's sale, stating an amount due of $3,448.43. (ECF No. 1). On April 18, 2014, defendant Inception Investments LLC ("Inception") purchased the property at the foreclosure sale for $21,000.00. (ECF No. 1 at 8). A trustee's deed upon sale in favor of Inception was recorded on April 22, 2014. (ECF No. 1).

The conservator did not consent to the HOA foreclosure sale. (ECF No. 1 at 8).

On December 23, 2016, Fannie Mae and BANA filed the underlying complaint, alleging eight causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Inception; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Inception; (3) declaratory relief under Amendments V and XIV (BANA against all defendants); (4) quiet title under Amendments V and XIV (BANA against Inception); (5) declaratory judgment (BANA against all defendants); (6) breach of NRS 116.1113 (BANA against the HOA and ATC); (7) wrongful foreclosure (BANA against the HOA and ATC); and (8) injunctive relief against Inception. (ECF No. 1).

On January 17, 2017, Inception filed an answer and counterclaim against Fannie Mae and BANA for quiet title and injunctive relief, as well as for cancellation of instruments. (ECF No. 11).

In the instant motion, the HOA moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

## III. Discussion

As a threshold matter, NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, NRS 38.310 cannot affect the court's subject matter jurisdiction.

Section 38.310 of the NRS sets forth prerequisites for commencing a civil action and provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

The complaint does not allege that BANA has completed mediation. Thus, BANA must submit certain claims to mediation prior to proceeding with a civil action in this court.

Claims (1) through (5) are claims to quiet title/for declaratory relief, which are exempt from mediation.

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev.

July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Claims (6) and (7), however, are subject to NRS 38.310's mediation requirement.

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, BANA's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

Consequently, BANA must first submit these claim (claims (6) and (7)) to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Accordingly, BANA's claims for breach of NRS 116.1113 and wrongful foreclosure will be dismissed without prejudice.

Further, claim (8) of the complaint (ECF No. 1) and claim (3) of the counterclaim (ECF No. 11) will also be dismissed without prejudice as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v.*

*Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

In light of the foregoing, the court will grant in part and deny in part the HOA's motion to dismiss (ECF No. 13). Specifically, claims (6) and (7) of the complaint (ECF No. 1) will be dismissed without prejudice for failure to mediate. Claim (8) of the complaint (ECF No. 1) and claim (3) of the counterclaim (ECF No. 11) will be dismissed as a claim for injunctive relief standing alone is not a cause of action.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED June 20, 2017.

_____
UNITED STATES DISTRICT JUDGE