UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>MONACO LANDSCAPE MAINTENANCE ASSOCIATION, INC.,<br><br>Defendant(s). | Case No. 2:16-CV-2980 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiffs Bank of America, N.A. ("BANA") and Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 32). Defendants Monaco Landscape Maintenance Association, Inc. ("the HOA") (ECF No. 38) and Inception Investments LLC ("Inception") (ECF No. 39) filed responses, to which BANA and Fannie Mae replied (ECF No. 44).

Also before the court is the HOA's motion for summary judgment. (ECF No. 33). BANA and Fannie Mae filed a response (ECF No. 37), to which the HOA replied (ECF No. 45).

**I.  Facts**

This case involves a dispute over real property located at 3296 Lapis Beach Drive, Las Vegas, Nevada 89117 (the "property").

On February 20, 2002, Lang and Souriya Tsoi ("borrowers") acquired the property through a grant, bargain and sale deed. (ECF No. 1). On May 17, 2006, the borrowers obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") in the amount of $324,000.00. *Id.* Repayment of the loan was secured by a deed of trust in favor of Countrywide, which was recorded on May 30, 2006. *Id.* The deed of trust listed the borrowers, Countrywide as the lender, and

**James C. Mahan**
**U.S. District Judge**

Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for Countrywide and its successors and assigns. *Id.* The borrowers also executed a promissory note in favor of Countrywide. *Id.*

In June 2006, Fannie Mae acquired ownership of the loan, including the note and deed of trust. (ECF No. 1).

On September 6, 2008, pursuant to the Housing Economic Recovery Act of 2008, 12 U.S.C. § 4617 *et seq.* ("HERA"), Federal Housing Finance Agency's ("FHFA") director placed Fannie Mae into conservatorship. (ECF No. 1).

On August 21, 2009, MERS assigned the deed of trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (ECF No. 1). The assignment of the deed of trust was recorded on September 3, 2009. *Id.* BANA is the successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP as of July 1, 2011. *Id.* At that time, BANA was the servicer of the loan for Fannie Mae, and in that capacity was record beneficiary of the deed of trust for Fannie Mae. *Id.* BANA continues to service the loan. *Id.* Nevertheless, "Fannie Mae is at all times the owner of the mortgage note," and "[a]t the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure … possession automatically reverts to Fannie Mae." (ECF No. 1) (citing Fannie Mae's Single-Family Servicing Guide at A2-1-04).

On November 6, 2012, defendant ATC Assessment Collection Group, LLC ("ATC"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $855.97. *Id.* On December 7, 2012, ATC, on behalf of the HOA, recorded a notice of default and election to sell under notice of delinquent assessment lien, stating an amount due of $1,701.51. *Id.*

On February 24, 2014, ATC, on behalf of the HOA, recorded a notice of sale, stating an amount due of $3,448.43. (ECF No. 1). On April 18, 2014, the HOA foreclosed on the property. *Id.* Defendant Inception purchased the property at the HOA foreclosure sale for $21,000.00. *Id.* On April 22, 2014, a trustee's deed upon sale was recorded in favor of Inception. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

At the time of the HOA sale on April 18, 2014, Fannie Mae owned the note and deed of trust, while BANA served as the beneficiary of record of the deed of trust in its role as Fannie Mae's loan servicer. (ECF No. 1).

FHFA did not consent to any purported extinguishment of Fannie Mae's ownership interest in the property. (ECF No. 1 at 8).

On November 22, 2016, BANA and Fannie Mae filed the underlying complaint against the HOA, Inception, and ATC, alleging six claims for relief: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Inception; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Inception; (3) declaratory judgment under the Fifth and Fourteenth Amendments of the U.S. Constitution by BANA against all defendants; (4) quiet title under the Fifth and Fourteenth Amendments of the U.S. Constitution by BANA against Inception; (5) declaratory judgment by BANA against all defendants; (6) breach of NRS 116.1113 by BANA against the HOA and ATC; (7) wrongful foreclosure by BANA against the HOA and ATC; and (8) injunctive relief against Inception. (ECF No. 1).

In the instant motion, BANA and Fannie Mae move for summary judgment in their favor against the HOA, Inception, and ATC. (ECF No. 32). Conversely, the HOA moves for summary judgment in its favor against BANA and Fannie Mae. (ECF No. 33).

**II. Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

- 3 -

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

In the instant motion, BANA and Fannie Mae argue that summary judgment in their favor is proper because the federal foreclosure bar preempts contrary state law. (ECF No. 32). BANA and Fannie Mae also argue that NRS 116 is facially unconstitutional, BANA preserved the seniority of the deed of trust by tendering what it calculated as the superpriority portion of the lien, and the sale was commercially unreasonable. *Id.*

In its motion, the HOA argues that there was no breach of NRS 116.113, there is no evidence of unfairness or oppression, and NRS 116 does not violate BANA's due process rights. (ECF No. 33).

HERA established FHFA to regulate Fannie Mae, Fannie Mae, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Fannie Mae into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay,*

*LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Here, Fannie Mae acquired ownership of the underlying loan in June, 2006. (ECF No. 32). Further, an assignment of the deed of trust was recorded on August 21, 2009 naming BANA's predecessor as beneficiary. *Id.* BANA and BANA's predecessor acted as contractually authorized servicers of the loan on behalf of Fannie Mae, the owner of the note. *Id.* Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on April 18, 2014.

FHFA did not consent to the extinguishment of Fannie Mae's property interest through the HOA foreclosure sale. Pursuant to the Ninth Circuit's recent decision in *Berezovsky*, § 4617(j) requires that the FHFA must affirmatively act to show consent, thus failure to attend a foreclosure sale does not amount to consent. 869 F.3d at 929, 931. Further, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust. *See Berezovsky*, 869 F.3d at 929, 931.

BANA and Fannie Mae obtained their interest in the property prior to the alleged HOA foreclosure sale. As plaintiff Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, BANA and Fannie Mae's interest in the property survived the alleged foreclosure. BANA and Fannie Mae are entitled to summary judgment.[1]

Accordingly, the HOA's foreclosure sale of its superpriority interest on the property did not extinguish BANA and Fannie Mae's interest in the property secured by the deed of trust, or convey the property free and clear to Inception because FHFA did not consent as required under

---

[1] The court will not address plaintiffs' additional arguments, which appear to be pled in the alternative. Further, as plaintiffs' are entitled to summary judgment pursuant to the federal foreclosure bar, the court will not address plaintiffs' additional claims.

**James C. Mahan**
**U.S. District Judge**

§ 4617(j)(3). Therefore, BANA and Fannie Mae are entitled to summary judgment as against the HOA, Inception, and ATC.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA and Fannie Mae's motion for summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 33) be, and the same hereby is, DENIED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 12, 2018.

_____
UNITED STATES DISTRICT JUDGE